**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SARA KOHR<br>525-A W. Morris Street<br>Frackville, PA 17931<br><br>Plaintiff,<br><br>v.<br><br>INDUSTRIAL METAL PLATING, INC.<br>d/b/a US ANODIZE<br>153 Wagner Lane<br>Reading, PA 19601-1195<br><br>Defendant. | CIVIL ACTION<br><br>No.:___________________<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Ms. Sara Kohr ("Plaintiff," or "Ms. Kohr,") by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Ms. Kohr has initiated this action to redress violations by Industrial Metal Plating, Inc. d/b/a US Anodize ("Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 et seq.), Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e et seq.), and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. Section 951 et seq.).[1]

[1] Plaintiff will amend her instant lawsuit to include claims under the PHRA on or about March 11, 2027, once her administrative remedies are fully exhausted with the appropriate administrative agency. Plaintiff dual-filed her Charge of Discrimination on March 11, 2025. Any claims under the PHRA would mirror the instant claims identically.

2. Ms. Kohr alleges, *inter alia*, that Defendant discriminated against her on the basis of her gender and/or disabilities and terminated her employment in retaliation for requesting accommodations and/or complaining about ongoing harassment and discrimination.

3. As a direct consequence of Defendant's unlawful actions, Ms. Kohr seeks damages as set forth herein.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

5. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

6. Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue is properly laid in this district because the events giving rise to this lawsuit occurred here and Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

7. Ms. Kohr filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed the Charge with the Pennsylvania Human Relations Commission ("PHRC").

8. Ms. Kohr has properly exhausted her administrative remedies before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving the EEOC's Right-to-Sue letter on or about July 22, 2026.

## PARTIES

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Ms. Kohr is an adult female with an address as set forth in the caption.

11. Defendant is a Pennsylvania business corporation with a principal place of business as set forth in the caption.

12. Defendant is a manufacturing company which provides metal finishing and anodizing services for commercial customers.

13. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. On or about March 17, 2025, Defendant hired Ms. Kohr and employed her as a full-time Laboratory Technician until unlawfully terminating her on or about August 6, 2025, as discussed herein.

16. Throughout her employment, Ms. Kohr was a hard-working employee with little to no history of documented performance or discipline concerns.

17. Ms. Kohr was primarily supervised by Defendant's Lead Chemist/Technical Process Manager Jokim Baskaran ("Baskaran").

18. After her hire and during the onboarding process, Ms. Kohr informed Defendant's management, including Baskaran, that she had several pre-scheduled medical appointments.

19. Immediately, Defendant responded with hostility, tried to force Ms. Kohr to reschedule her appointments, and instructed her that all future doctor's appointment should be scheduled outside of working hours.

20. Ms. Kohr explained to Baskaran and Defendant's Human Resources ("HR") Manager Kimberly Mohn ("Mohn") that she suffers from chronic and debilitating migraines, as well as accompanying complications and conditions.

21. These aforementioned disabilities, at times, substantially limit Ms. Kohr's ability to perform major life activities such as working, thinking, seeing, and managing pain.

22. Ms. Kohr has even undergone surgery in attempts to treat and care for her aforementioned disabilities.

23. In addition, Baskaran made it explicitly known that he did not like females working in "his" laboratory and displayed open and obvious contempt for Ms. Kohr's gender.

24. On or about May 13, 2025, Ms. Kohr suffered a serious motor vehicle accident. Ms. Kohr notified Baskaran and Mohn about her accident and that it exacerbated her aforementioned disabilities. Ms. Kohr then requested a very short medical leave of approximately three (3) weeks to undergo sinus surgery to alleviate her aforementioned disabilities.

25. However, almost immediately upon her return to work on or about June 3, 2025, Baskaran escalated his harassment of Ms. Kohr. By way of brief example, Baskaran:

a. Made discriminatory comments to Ms. Kohr;

b. Subjected her work to increased scrutiny;

c. Lambasted her need for accommodations and leave;

d. Told her that her "numbers were off" since her accident;

e. Stated that he did not like women working in the lab and that it was not an appropriate environment for a woman;

f. Continuously gave Ms. Kohr menial and secretarial tasks outside of her job description because he felt they were beneath him and should be performed by a woman; and

g. Generally harassed her about both her gender, and missing time to treat her aforementioned disabilities.

26. As a result, on or about June 24, 2025, Ms. Kohr went to Defendant's Operations Manager Eric Tverberg ("Tverberg") to complain about Baskaran's aforementioned discriminatory comments and treatment.

27. Upon information and belief, other female employees had also complained to Tverberg about Baskaran's discriminatory conduct.

28. Tverberg stated that he would "have a talk" with Baskaran, but despite Ms. Kohr's complaints to Tverberg, Baskaran's discriminatory treatment continued unabated.

29. In or about late July 2025, Ms. Kohr renewed her complaints about Baskaran's discriminatory harassment, this time complaining to both Tverberg and Mohn.

30. Shortly thereafter, on or about July 24, 2025, Ms. Kohr needed to miss one (1) day of work and provided Mohn with her doctor's note certifying that she had sought treatment for her aforementioned disabilities.

31. On or about July 31, 2025, Ms. Kohr again suffered a migraine attack, needed to miss one (1) day of work, and provided Mohn with her doctor's note certifying that she had sought treatment for her aforementioned disabilities.

32. **Less than a week later**, on or about August 6, 2025, Mohn notified Ms. Kohr that her employment was suddenly being terminated for allegedly being "insubordinate."

33. This purported reasoning was entirely pretextual and concocted as Ms. Kohr had never been insubordinate.

## COUNT I
## Violations of the ADA
## ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff suffers from qualifying health conditions under the ADA, which at times substantially limited one or more major life activities (as set forth *supra*).

36. Despite Plaintiff's aforementioned health conditions and limitations, she was still qualified and able to perform the essential functions of her position with Defendant.

37. Prior to her pretextual termination, Plaintiff disclosed her aforementioned disabilities/serious medical conditions to Defendant's management and requested or utilized accommodations on repeated occasions shortly before Defendant terminated her employment.

38. Defendant's management selectively applied policies and pretextually terminated Plaintiff while, upon information and belief, not similarly disciplining or terminating non-disabled employees for engaging in the same or similar conduct Defendant terminated Plaintiff for.

39. Plaintiff therefore avers that her actual/perceived disabilities or record of impairment were a motivating/determinative factor in the termination of her employment with Defendant.

40. Plaintiff avers that Defendant terminated her to avoid having to reasonably accommodate her in the future and/or that she was terminated in retaliation for complaining about disability discrimination and/or requesting or utilizing accommodations under the ADA.

41. Defendant's actions constitute violations of the ADA.

**COUNT II**
**Violations of Title VII**
**[1] Sex/Gender Discrimination; [2] Harassment; and [3] Retaliation**

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Discrimination based on Plaintiff's sex/gender constitutes discrimination because of sex under Title VII.

44. Plaintiff was subjected to severe and/or pervasive discrimination and harassment because of her sex/gender (discussed *supra*) sufficient to alter the conditions of her employment such that she was subjected to a hostile work environment.

45. Plaintiff specifically opposed, rejected, and complained of sex/gender, retaliation, and hostile work environment (based on sex/gender).

46. Following her opposition of, rejections to, and complaints about discriminatory harassment, Plaintiff was subjected to increased hostility and animosity.

47. Plaintiff's complaints were dismissed, and she was subjected to retaliatory discipline and hostility (such that she was subjected to an objectively hostile and abusive work environment based on sex/gender and retaliation for opposing/complaining about the same).

48. In extremely close proximity to Plaintiff's most recent complaints, Defendant terminated Plaintiff's employment, while, upon information and belief, not similarly disciplining or terminating non-disabled employees for engaging in the same or similar conduct Defendant terminated Plaintiff for.

49. Plaintiff believes and therefore avers that Defendant terminated her employment because she opposed and complained about discrimination and harassment based upon her sex/gender.

50. The aforesaid actions violate Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful employment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including compensatory damages including damages for emotional distress;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated: October 14, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Sara Kohr | : | CIVIL ACTION |
| v. | : | |
| Industrial Metal Plating, Inc. d/b/a US Anodize | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 10/15/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
KOHR, SARA

**(b)** County of Residence of First Listed Plaintiff: Schuylkill
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**
INDUSTRIAL METAL PLATING, INC. D/B/A US ANODIZE

County of Residence of First Listed Defendant: Berks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
ADA (42USC12101); Title VII (42USC2000)

Brief description of cause:
Violations of the ADA, Title VII and the PHRA.

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE ______ DOCKET NUMBER ______

DATE 10/15/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______